## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL HOOK, DAVID SEMAN, BARBARA BROWN, LARRY ONDAKO and JULIA ONDAKO, individually and on behalf of all others similarly situated, | Case No.: 2:21-cv-00387-MPK |
| Plaintiffs, | Magistrate Judge Maureen P. Kelly |
| v. | |
| NEMACOLIN WOODLANDS, INC., a Pennsylvania corporation, d/b/a, NEMACOLIN WOODLANDS RESORT; NEMACOLIN, INC., a Pennsylvania corporation; and NWL, CO., a Pennsylvania corporation, | |
| Defendants. | |

## FINAL JUDGMENT AND
## ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court dated January 19, 2023, on the application of the Parties for approval of the Settlement as set forth in the Amended Settlement Agreement and Release dated January 13, 2023, (ECF No. 107-1, the "Agreement"). On January 19, 2023, this Court granted preliminary approval to the proposed class action settlement (ECF No. 109) set forth in the Agreement between (i) Plaintiffs Cheryl Hook, David Seman, Barbara Brown, Larry Ondako, and Julia Ondako, individually and as class representatives on behalf of the Settlement Class, and (ii) Defendants Nemacolin Woodlands, Inc., Nemacolin, Inc., and NWL, CO. (together, "Nemacolin") ("collectively, the "Parties"). This Court also provisionally certified the Class for settlement purposes, approved the procedure for giving Class Notice to members of the Class, and set a Final Approval Hearing to take place on April 13,

2023.  The Court finds that due and adequate notice was given to the Settlement Class as required in the Court's preliminary Order.

The Court has reviewed the papers filed in support of the Joint Motion for Final Approval, including the Agreement and exhibits thereto, memoranda, and arguments submitted on behalf of the Settlement Class, and supporting affidavits.

On April 13 , 2023, this Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the Settlement Class Members' Released Claims with prejudice; (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel; and (4) any award to the Class Representatives for their representation of the Class.

Based on the papers filed with the Court and the presentations made to the Court by the Parties and by other interested persons at the Final Approval Hearing, it appears to the Court that the Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1.    **Definitions**. This Judgment incorporates by reference the definitions in the Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Agreement.

2.    **Jurisdiction**. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class, and venue in this Court is proper.

3.    **No Merits Determination**. By entering this Order, the Court does not make any determination as to the merits of this case.

4.    **Settlement Class**. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action, with the Class defined as:

> All natural, living persons in the United States who obtained a
> Nemacolin Resort 400 Club Membership during the period
> beginning January 1, 1989 and ending on March 23, 2021, who did
> not sell, transfer, terminate, cancel, or otherwise relinquish his or
> her Nemacolin Resort 400 Club Membership in any way, and which
> sale, transfer, termination, cancellation, or other relinquishment of
> his or her Nemacolin Resort 400 Club Membership is evidenced by
> documentation maintained by Nemacolin.

This definition is inclusive of the Class Representatives. The Class expressly excludes officers and directors of the Nemacolin Defendants; family members of the officers and directors of the Nemacolin Defendants; any parents, subsidiaries, affiliates, of the Nemacolin Defendants; and any entity in which the Nemacolin Defendants have a controlling interest; any natural, living person who sold, transferred, terminated, cancelled, or otherwise relinquished his or her Nemacolin Resort 400 Club Membership; any person deceased as of December 14, 2022 who had a Nemacolin Resort 400 Club Membership; all judges assigned to hear any aspect of this litigation, as well as their immediate family members; all persons and entities that have released the Released Claims described herein prior to the Court's preliminary approval of the Settlement Class; and government entities; and any person who timely and validly excluded himself or herself from the Settlement Class in accordance with the procedures approved by the Court. .

The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context: (a) the Members of the Settlement Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives will fairly and adequately represent and protect the interests of the Settlement Class Members because their interests are co-extensive with those of the Settlement Class Members, and they have  retained experienced counsel to represent them and

3

the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.     **Designation of Class Representatives and Class Counsel**. The Court confirms the prior appointments of the Plaintiffs Cheryl Hook, David Seman, Barbara Brown, Larry Ondako, and Julia Ondako as the Class Representatives, and counsel of record, Joy D. Llaguno and the attorneys of Hook & Hook PLLC representing the Class Representatives in this Action as Class Counsel.

6.     **Settlement Approval**. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Agreement and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Parties. The Court further finds that the Settlement set forth in the Agreement is the result of a good faith arm's-length negotiation between experienced counsel representing the interests of the Parties, with the assistance of the mediator Carole Katz through mediation. Accordingly, the Settlement embodied in the Agreement is hereby finally approved in all respects, there is no just reason for delay, and the parties are hereby directed to perform its terms.

7.     **Dismissal with Prejudice**. Final Judgment is hereby entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims in the Action are hereby dismissed in their entirety with prejudice and without costs. All claims in the Action are dismissed, and the case shall be closed pursuant to Paragraph 22 of this Order. Nothing herein is intended to waive or prejudice the rights of the Class Members who have timely and validly excluded themselves from the Class, as identified on **Exhibit 1** hereto.

8.     **Releases**. The Court hereby approves the release provisions as contained and incorporated in Section 10 of the Agreement. Releasers shall be deemed to have, and by operation

4

of the Judgment shall have, fully, finally, conclusively, irrevocably, and forever released, settled, compromised, relinquished, and discharged any and all Released Claims against the Releasees.

9.    **Permanent Injunction**. The Releasors, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction or forum, including but not limited to any state, federal, or foreign court, or regulatory agency, or any arbitration forum, each and every Released Claim.

10.    **Approval of Class Notice**. The form and means of disseminating the Class Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable efforts. Said Notice provided the best notice practicable under the circumstances of the proceedings and the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

11.    **Attorneys' Fees and Expenses**. Plaintiffs and Class Counsel have moved for an award of attorneys' fees in the amount of $3,000,000, and costs and expenses in the amount of $17,772.53. The Court has considered this application separately from this Judgment. The Court finds that an award of $3,000,000.00 in attorneys' fees and $17,772.53 in costs and expenses is fair and reasonable, and the Court approves of Class Counsel's attorney's fees, costs, and expenses in this amount. The Court directs the Settlement Administrator to disburse this award of attorneys' fees and costs to Class Counsel.

12.     **Class Representative Service Award**. The Court further finds that a service award in the amount of twenty-five thousand dollars ($25,000.00) for each Class Representative is fair and reasonable, and the Court approves of the service award in this amount. The Court directs the Settlement Administrator to disburse this award each to Class Representatives Cheryl Hook, David Seman, Barbara Brown, Larry Ondako, and Julia Ondako, as provided in the Settlement Agreement.

13.     **Use of Order**. Neither this Order, the fact that a settlement was reached, executed, and filed, the Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession by any party of fault, liability or wrongdoing whatsoever or breach of any duty on the part of Defendants as to any facts or claims that have been alleged or asserted in the Action. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Agreement.

14.     **Continuing Jurisdiction**. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Agreement, the Final Judgment, and for any other necessary purpose, including to ensure compliance with the Protective Order. Class Counsel will continue in their role to oversee all aspects of the Agreement and Settlement. Upon notice to Class Counsel, Defendants may seek from this Court, pursuant to 28 U.S.C. § 1651(a), such further orders or

process as may be necessary to prevent or forestall the assertion of any of the Released Claims enumerated in the Agreement, in any other forum, or as may be necessary to protect and effectuate the Settlement and this Final Approval Order and Judgment.

15.    **Termination of Settlement**. In the event that the Settlement does not become effective in accordance with the terms of the Agreement, or the Agreement is terminated pursuant to Section 13 of the Agreement, the Parties shall be restored to their respective positions in the Action as of July 1, 2022, the certification of the Settlement Class shall be automatically vacated, and this Judgment shall be rendered null and void (except Paragraph 13 of this Order shall remain in effect) to the extent provided by and in accordance with the Agreement and shall be vacated and, in any such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

16.    **Implementation of the Agreement**. The Parties are hereby authorized to implement the terms of the Agreement.

17.    **Reasonable Extensions**. Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

18.    **Class Action Fairness Act (CAFA) Notice**. Defendants have provided notification through the Settlement Administrator to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715. Defendants' obligations under CAFA are satisfied.

19.    **Class Notice List**. No later than thirty (30) days after the Effective Date (as defined in the Agreement), the Settlement Administrator shall file with this Court, under seal pursuant to the Protective Order entered in this litigation (in order to protect the names, addresses and other personal information of Class Members), a list of the names and addresses of all Members of the Class to whom Class Notice was sent.

20.     **Entry of Final Judgment**. The Court hereby enters Final Judgment in this Action and dismisses it with prejudice in accordance with the terms of the Settlement Agreement.  The final judgment shall not bind any Settlement Class Members who timely and validly opted out of the Settlement.  There being no reason to delay entry of this Final Judgment, the Clerk of the Court is ordered to enter this Final Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

21.     **Action Closed**. The Clerk of the Court is hereby directed to close the Action.

**IT IS SO ORDERED.**

DATED: _April 13_, 2023

_____
THE HONORABLE MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE